### NATHAN E. BENNER v. ERNEST FEIGE.

*Agent's ex post facto admissions to strangers—Res gestæ.*

An agent's talk with strangers concerning past transactions of his employer is not res gestæ either in point of time or in relation to parties, and, being of no account as proof, cannot affect his principal's rights under a contract on which the transactions were based.

Error to Saginaw. (Gage, J.) October 9.—October 24.

ASSUMPSIT. Defendant brings error. Reversed.

*Sweet & Flanders* and *Wm. A. Clark* for appellant.

*Tarsney & Weadock* for appellee.

CAMPBELL, J. Plaintiff recovered judgment below for services in running logs. He claimed to have done so under a contract made for defendant by an agent named McManus, for 75 cents a thousand feet, and one important question related to the amount of logs. Appended to the paper on which the agreement relied on was written, was a memorandum not signed, but containing several names, with figures opposite, footing up 298,706. It was claimed by plaintiff that these names represented persons who had fur-

nished logs, and that the figures signified their several amounts; and that this paper was intended to show what logs were to be moved and delivered. This was controverted by defendant.

The amount of logs actually run seems to have been got at by somewhat extraordinary methods of estimation. But reliance was partly had on alleged admissions of McManus, some of which were said to have been made to various third persons at times subsequent to the dealings out of which the contract is said to have arisen, and after it was settled upon.

No authority has been presented and we think there is none which would justify the reception of such ex post facto admissions, if they were made. They were in no sense acts forming part of the res gestæ, either in point of time, or in relation to the parties to whom they are said to have been made. An agent's talk with strangers concerning past transactions of his employer is of no account as proof, and cannot affect the rights of the principal.

The judgment was erroneous on this ground and must be reversed with costs and new trial granted.

The other Justices concurred.